**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1)  TODD SCRIBNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case no.: 14-CV-177-CVE-PJC |
| | ) | |
| v. | ) | |
| | ) | |
| 2)  WORKS & LENTZ, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Todd Scribner, and for the Complaint against Defendant, Works & Lentz, Inc., alleges as follows:

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Defendant conducts business in the state of Oklahoma, therefore personal jurisdiction is established.

4.     Venue is in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

6.     Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3), and according to Defendant, Plaintiff allegedly owes a debt for medical care he was provided, which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5).

7.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect defaulted consumer debts, and sought to collect a consumer debt from Plaintiff in this case.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collector with an office in Tulsa, Oklahoma.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     On or about May 30, 2013, an agent or employee of Defendant called the apartment manager of the apartment complex where Plaintiff resides, in connection with the collection of an alleged debt from Plaintiff, indicated that it was a debt collector, and requested that the apartment manager place a note on Plaintiff's front door with Defendant's telephone number so that he would call Defendant back. The caller id used by said manager revealed that the call was from "Works & Lentz".

11.     Defendant's employee told Plaintiff's apartment manager that Plaintiff was not answering calls from Defendant and that employees of the Defendant had been by Plaintiff's apartment to speak with Plaintiff, but the Plaintiff was refusing to open the door for them.

12.     The reason for contacting Plaintiff's apartment manager was not to lawfully obtain location information for the Plaintiff, but rather to harass Plaintiff and disgrace Plaintiff in the eyes of his apartment manager and other tenants at the complex.

2

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

13.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a)    Defendant violated § 1692b(1) of the FDCPA because Defendant did not state that she was confirming or correcting location information concerning the consumer when she spoke with Plaintiff's apartment manager;

b)    Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, specifically by telling the apartment manager that Plaintiff was refusing to open the door for Defendant.

c)    Defendant violated § 1692c(b) of the FDCPA by communicating with a third party, here the apartment manager,  in furtherance of collection of a debt without obtaining prior consent from Plaintiff;

d)    Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt, specifically by telling the apartment manager that he was refusing to open the door for Defendant.

e)    Defendant violated § 1692e(7) of the FDCPA by engaging in conduct intended to disgrace Plaintiff through communications with his apartment manager; and

f)    Defendant violated § 1692f of the FDCPA by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt, by telling the apartment manager that he was refusing to open the door for Defendant.

14.    Plaintiff suffered emotional distress due to Defendant's actions, suffering embarrassment, anxiety, and fear as a result of said actions.

**WHEREFORE**, Plaintiff, Todd Scribner, respectfully prays that judgment be entered against Defendant, Works & Lentz, Inc., for the following:

a)    Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. § 1692k;

b)    Actual damages pursuant to the FDCPA, 15 U.S.C. § 1692k;

c)    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k; and

d)    Any other relief that this court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**          By:  s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100                          Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.