# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TODD SCRIBNER,

       Plaintiff,

v.

                Case No. 14-CV-177-JHP-PJC

WORKS & LENTZ, INC.,

       Defendant.

## OPINION AND ORDER

Now before the Court is Defendant Works & Lentz, Inc.'s Motion for Summary Judgment [Doc. 25]. Plaintiff Todd Scribner brought this action alleging violation of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692, *et seq*. Defendant contends that it is entitled to summary judgment with respect to each claim alleged by Plaintiff. After consideration of the pleadings, affidavits, and briefs, and for the reasons detailed below, Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

**A. Procedural History.**

On April 15, 2014, Plaintiff filed his Complaint [Doc. 1], alleging that Defendant violated various provisions of the FDCPA in its efforts to collect a debt from him. Plaintiff asserts violations of the following provisions of the FDCPA: 1) § 1692b(1) by failing "to state that she [Defendant's employee] was confirming or correcting location information concerning the consumer . . . ."; 2) §§ 1692d, 1692e, and 1692f "specifically by telling the apartment manager that Plaintiff was refusing to open the door for Defendant"; 3) § 1692c(b) "by communicating with a third party, here the apartment manager, in furtherance of collection of a debt without obtaining prior consent from Plaintiff"; and, 4) § 1692e(7) "by engaging in conduct intended to disgrace Plaintiff through communications with his apartment manager."

On October 14, 2014, Defendant filed its Motion for Summary Judgment [Doc. 25]. On January 28, 2015, Defendant supplemented its brief in support of the Motion for Summary Judgment [Doc. 64]. Plaintiff has responded in opposition and Defendant submitted a Reply brief [Doc. 68]. The summary judgment briefing is now complete. The Court finds as follows:

**B.     Factual Background.[1]**

Plaintiff incurred a debt. Defendant was attempting to collect said debt. Plaintiff's claims, as they relate to this action, involve relatively few facts, many of which are undisputed. The claims stem from a single telephone call placed on May 30, 2013. The call was made by Defendant's employee, Erica Pruitt, to Brigitte Coffman, the Manager of the Royal Arms Apartments in Tulsa, Oklahoma. Pruitt believed that Plaintiff lived in the Royal Arms Apartments and made the call for the purpose of confirming or correcting Plaintiff's current location information.[2]

Pruitt identified herself as "Erica" and may have asked Coffman if Plaintiff lived in the apartments.[3] Regardless of whether Pruitt directly asked Coffman if Plaintiff lived at that location, it is clear that Coffman implicitly understood that she was being asked to confirm whether Plaintiff lived at that location. Pruitt further asked Coffman if Coffman could get a message to Plaintiff by placing a note on his door. Pruitt informed Coffman that Plaintiff was

---

[1] The following facts are either not specifically controverted by Plaintiff in accordance with Local Rule 56.1(c), not subject to genuine dispute, or are described in the light most favorable to Plaintiff. Immaterial facts are omitted.

[2] Plaintiff denied that this was the purpose of the call; however, Plaintiff submitted no evidence to rebut Defendant's proffered evidence regarding the purpose of the call. His conclusory denial is insufficient.

[3] Pruitt testified that she did ask if Plaintiff lived in the apartments, while Coffman testified that she "might have" been asked if Plaintiff lived in the apartments. This discrepancy is immaterial.

2

not answering his phone.[4] Coffman responded by stating "I'll see what I can do" and told Pruitt to fax the message. No message was ever faxed or otherwise delivered to Coffman. No verbal message was left by Pruitt to be delivered to Plaintiff by Coffman. Pruitt never stated that Plaintiff was refusing to open his door. Debt was never mentioned during the telephone call.

The entire telephone conversation at issue lasted less than a minute and did not change Coffman's opinion of Plaintiff in any way. Coffman's caller ID showed that the phone call was placed from Defendant "Works & Lentz, Inc." Coffman was not familiar with Defendant and did not know what type of business it conducted. Coffman did not know that Defendant was a debt collector.

## **DISCUSSION**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir. 1977). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant, in this case the Defendant, bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant carries this

---

[4] Defendant denies this allegation.

initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). The non-movant "must bring to the district court's attention some affirmative indication that [its] version of the relevant facts is not fanciful." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp.*, 477 U.S. at 324. In responding "to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway*, 853 F.2d at 794 (citing *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir.1988)).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. The analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 250. Summary judgment is not a "disfavored procedural shortcut," but instead is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**A.    Communication Pursuant to the FDCPA.**

As a threshold matter, this Court must determine whether the FDCPA is applicable. In order for the FDCPA to be applicable, there must have been a "communication". "Communication" as defined by the FDCPA means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). As stated

4

in *Biggs v. Credit Collections*, Inc., 2007 WL 4034997, at 4 (W.D. Okla. 2007), "[w]ords matter – in this instance, the words of the [May 30, 2013 telephone call] and the words of the statutory definition of a 'communication.'" It is undisputed that Plaintiff's debt was not mentioned during the telephone call; therefore, there was no direct conveyance of information regarding any debt. The Court further finds that there was no indirect conveyance of information regarding any debt as Coffman was not aware of the nature of Defendant's business and did not know that the call was in any way related to debt owed by Plaintiff. Just as in *Biggs*, "[n]o amount of liberal construction can broaden the statutory language to encompass the words" utilized in the telephone call. *Id.* at *4. After careful consideration, this Court holds that the May 30, 2013 telephone call was not a "communication" for FDCPA purposes.[5]

This holding is in accord with the controlling Tenth Circuit law. In *Marx v. General Revenue Corp.*, 668 F.3d 1174, 1176 (10th Cir. 2011), the defendant debt collector sent a fax to plaintiff's employer which displayed defendant's name and its internal account number for the plaintiff. The fax also stated that its purpose was to verify employment. The plaintiff claimed the fax violated the FDCPA's provision against debt collector communications with third parties. *Id.* The Tenth Circuit held that the fax was not a "communication" as defined by the FDCPA. *Id.* at 1177. As it was not a communication, § 1692c(b)[6] was not implicated and the court did not

---

[5] As correctly noted in *Biggs v. Credit Collections, Inc.*, 2007 WL 4034997, at 4, n. 3 "the statutory language is oddly narrow. The statutory definition does not include messages or communications that do not impart (or are not at least intended to impart) information about a debt. The [telephone call] at issue here would have been encompassed by a definition that included 'a communication in furtherance of any attempt to collect a debt.'"

[6] 15 U.S.C. § 1692c(b) applies to communications with third parties and provides as follows: "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any

need to consider whether a violation of that statute occurred. *Id.* In reaching its decision, the court explained that:

> [A] third-party "communication," to be such, ***must*** indicate to the recipient that the message relates to the collection of a debt; this is simply built into the statutory definition of "communication." This fax cannot be construed as "conveying" information "regarding a debt." Nowhere does it expressly reference debt; it speaks only of "verify[ing] [e]mployment." Nor could it reasonably be construed to imply a debt. In order to substantiate the claim that the facsimile "conveys" information "regarding a debt," either "directly or indirectly," [plaintiff] had the burden of proving such a conveyance; the standard is not whether the facsimile could have had such an implication.

*Id.* (emphasis added).

In this case, there is no evidence that debt was mentioned in the telephone call or that Coffman understood the telephone call to relate to the collection of a debt. As there was no "communication", the FDCPA is simply inapplicable and summary judgment is granted in favor of Defendant as to all claims. *See Committe v. Dennis Reimer Co., L.P.A.*, 150 F.R.D. 495, 499-500 (D. Vt. 1993) (finding that a message left with a third party stating that the plaintiff's wife was being foreclosed on, where the plaintiff had never been married, did not constitute a communication regarding a debt owed by the plaintiff). While this holding is dispositive of all claims, the Court will address each claim independently.

**B.  Section § 1692b(1) Claim.**

Plaintiff has alleged that Defendant violated 15 U.S.C. § 1692b(1) by failing to state that she [Pruitt] was "confirming or correcting location information concerning the consumer."[7]

---

person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

[7]  The Court notes that Plaintiff cannot establish an essential element of this claim. As already determined, the May 30, 2013 telephone call was not a "communication" as defined by the FDCPA and § 1692b(1) requires a "communication" to have occurred in order to be applicable.

Defendant maintains that Pruitt did state this information to Coffman and asked whether Plaintiff lived in the Royal Arms Apartments. Plaintiff maintains that this did not occur. However, it is undisputed that Coffman testified she "might have" been asked if Plaintiff lived there and that Coffman understood that she was at least implicitly asked to confirm whether Plaintiff lived at the apartments. Plaintiff argues the statute requires a debt collector to state verbatim that she "is confirming or correcting location information." Defendant argues that Plaintiff's strict interpretation of the statute is wrong. This Court agrees with Defendant. The information conveyed in the telephone call was a sufficient statement of the lawful purpose of the call.

The statute does not require a particular script or "magic words," only that the purpose be "stated." The disclosure in this call was sufficient to "state" the purpose, so there is no violation of § 1692b(1). *See Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp. 2d 1290, 1297 n.7 (E.D. Mo. 2008) (in discussing §1692b, the court stated that it "does not suggest that debt collectors must mimic, verbatim, the language of the statute").

Plaintiff has asserted that Defendant's conversation went beyond seeking location information and that anything beyond that single purpose constitutes a violation of the FDCPA. This Court does not agree. The Defendant's single telephone call to Apartment Manager Coffman for location information, even if a message was left, does not violate either § 1692b(1) or § 1692c(b) because without mention of the debt, as in this case, any such dual purpose conversation is not a "communication." *Evankavitch v. Green Tree Servicing, L.L.C.*, No. 3:12cv2564, 979 F. Supp. 2d 535 (M.D. Pa. 2013).

**C.   Section 1692c(b) Claim.**

Plaintiff has alleged that Defendant violated § 1692c(b) "by communicating with a third party, here the apartment manager, in furtherance of collection of a debt without obtaining prior

7

consent from Plaintiff."[8]  Plaintiff's claim fails – as there is an exception to the rule of obtaining consent from the consumer prior to communicating with a third party.  That exception is when the communication is for the purpose of confirming or correcting location information as provided in § 1692b.  Plaintiff failed to adequately dispute Defendant's stated purpose of the call – to confirm or correct location information – therefore, § 1692c(b) is inapplicable and judgment in favor of Defendant is proper.  Moreover, Plaintiff failed to address this claim in his Response.

**D.    Section 1692e(7) Claim.**

Section 1692e(7) prohibits "any false, deceptive, or misleading representation or means in connection with collection of any debt . . . " including without limitation "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."  Plaintiff failed to address this allegation in his Response.  The Court agrees with Defendant that there is no evidence that Defendant made any representation or implication that Plaintiff committed any crime.  The Court further agrees that nothing conveyed in the May 30, 2013 call disgraced Plaintiff or was intended to disgrace Plaintiff.

The only conduct of Plaintiff that was even arguably conveyed in the telephone call was that he had not answered his phone.  This type of conduct would not tend to disgrace, shame, or humiliate a consumer or call into question his honesty so as to violate § 1692e(7).  *See McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 763 (7th Cir. 2006).  In fact, Coffman testified that her opinion of Plaintiff did not change in any way due to the call.  Once again, summary judgment for Defendant is proper.  *See Oscar v. Prof'l Claims Bureau, Inc.*, No. CV11-5319 SJF WDW, 2012 WL 2367128, at *4 (E.D.N.Y. June 1, 2012) report and recommendation adopted,

---

[8] Again, this claim fails as a matter of law because there was no "communication", and "communication" is an essential element of a §1692c(b) claim.

8

No. CV-11-5319 SJF WDW, 2012 WL 2367136 (E.D.N.Y. June 19, 2012) (dismissing 1692e(7) claim where plaintiff failed to plead facts as to how or why she was disgraced).

E.    **Section 1692d, Section 1692e and Section 1692f Claims.**

Generally, in connection with the collection of a debt, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive or abusive conduct; (2) using false, deceptive or misleading representations or means; and (3) using unfair or unconscionable means. *See Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f) (substantive heart of FDCPA lies in these prohibitions). Plaintiff has alleged that Defendant violated each of these three provisions in a particular way, viz. "by telling the apartment manager that Plaintiff was <u>refusing to open the door</u> for Defendant." It is undisputed that this did not occur as both parties to the May 30, 2013 telephone call deny such a statement was made. There are no other facts alleged in the Complaint to support the claimed violations. Summary judgment shall be granted to Defendant with respect to each of these claims.

Section 1692d of the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute provides six non-exhaustive examples of conduct which would be a violation of the statute.[9] None of those examples are applicable to the current case. The information conveyed in the May 30, 2013 phone call simply cannot be

---

[9] Those are: "(1) the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) the publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title; (4) the advertisement for sale of any debt to coerce payment of the debt; (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and (6) except as

9

said to have the natural consequence of harassment, oppression, or abuse and Plaintiff has failed to show such consequences. The telephone call by Defendant does not rise to the level of abusive conduct required in order to be actionable under § 1692d. *See Mammen v. Bronson & Migliaccio*, LLP, 715 F. Supp. 2d 1210, 1218-19 (M.D. Fla. 2009) (debt collector's statement of "you're lying" to consumer, arguing with consumer and hanging up on consumer did not violate § 1692d of the FDCPA as statement did not contain profanity, obscenity, name-calling, racial or ethnic slurs, or other derogatory remarks).

Even if it was stated that Plaintiff had refused to come to the door, that statement does not constitute "conduct the natural consequence of which is to harass, oppress, or abuse" Plaintiff, as a matter of law. No rational juror could find liability under § 1692d on those facts. Cf., *Hagler v. Credit World Services, Inc.*, 2014 WL 4954595, *5 (D. Kan., October 1, 2014) (natural consequence of one phone call directly to debtor was not harassment, oppression or abuse of debtor).[10]

It is relevant in statutory construction to note that the prevailing application of a related enumerated provision of the statute, § 1692d(5), requires analysis of the volume and pattern of calls and any attendant oppressive conduct in order to determine actionable harassment or annoyance. *See Seifried v. Portfolio Recovery Associates, LLC*, 2013 WL 6185478 (E.D. Okla. Nov. 25, 2013) (and cases collected and cited therein). There is no comparison in severity of the facts in this case to the volume and pattern of calls and any attendant oppressive conduct found to be necessary in those § 1692d(5) cases.

---

provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(1)-(6).

[10] The same legal conclusion would apply to the claim that the Account Manager said Plaintiff was not answering his phone.

By a similar analysis, it is appropriate to compare the allegations claimed by Plaintiff to violate the general provisions of other FDCPA provisions with the severity of conduct actually enumerated to be violations of those statutes. Where that comparison reveals that the allegations are far less severe than any enumerated example of liability, general claims should be rejected. Claims which are far less severe than enumerated violations "are simply inadequate to support a claim that [Defendant] subjected him to an unfair or unconscionable collection practice." *Todd v. Collecto, Inc.,* 731 F. 3d 734, 739-40 (7th Cir. 2013).

Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." For his claim of violation of the general prohibition of § 1692e, Plaintiff, again, did not allege or rely on any of the sixteen non-exclusive but enumerated ways to violate that statute. There is no evidence of any false, deceptive, or misleading representation being conveyed during the telephone call.

Moreover, Plaintiff failed to show how any statement made during the telephone call would mislead or deceive. With respect to a 15 U.S.C. § 1692e claim, "an FDCPA plaintiff bears the burden of proving that even a false statement would mislead or deceive the unsophisticated consumer." *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) ("[An FDCPA plaintiff] could not prevail in the district court simply by proving that statements in the notice were false. Whether they were false or not, she had to prove that an unsophisticated consumer would be deceived or misled by them."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (holding "that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or

1692f."). The Court further notes that there is no allegation that any false representation was made directly to the Plaintiff; therefore, this section is inapplicable.[11]

Section 1692f of the FDCPA prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. For his claim of violation of the general prohibition of § 1692f, Plaintiff, again, did not allege or rely on any of the eight non-exclusive but enumerated ways to violate that statute.

Courts analyzing claims under § 1692f have acknowledged that "[t]he phrase 'unfair or unconscionable' is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). In interpreting this phrase, the Eleventh Circuit has noted:

> The plain meaning of "unfair" is "marked by injustice, partiality, or deception." Significantly, in *Jeter*, we noted in dictum that in the FTC context, "[a]n act or practice is deceptive or unfair . . . if it has the tendency or capacity to deceive." *Jeter* [*v. Credit Bureau Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985)]. The term "unconscionable" means "having no conscience"; "unscrupulous"; "showing no regard for conscience"; "affronting the sense of justice, decency, or reasonableness." BLACK'S LAW DICTIONARY 1526 (7th ed. 1999).

*LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1200 (11th Cir. 2010).

In the current case, Plaintiff's § 1692f claims are based on the same conduct that his other FDCPA claims are based on. As such, his claims under this section are insufficient as "a claim of a violation of Section 1692f is deficient if it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d at 1330 (internal citations and quotations omitted); *Christy v. EOS CCA*, 905 F.Supp.2d at 656 (summary judgment granted to defendant on § 1692f claim where plaintiff

---

[11] *O'Rourke v. Palisades*, 635 F.3d 938, 943 (7th Cir. 2011) (stating that "the Act and its protections do not extend to third parties" and holding that misrepresentations to a judge in the debt collection process do not constitute a violation of 15 U.S.C. § 1692e), cert. denied, ––– U.S. ––––, 132 S.Ct. 1141, 181 L.Ed.2d 1017 (2012).

failed to allege other conduct that was unfair or unconscionable that was distinguishable from the conduct alleged to support her other claims under the FDCPA).

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED this 23rd day of March, 2015.**

James H. Payne
United States District Judge
Northern District of Oklahoma